IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PETER J. VILLAFANA,            )
                               )
        Plaintiff,             )
                               )
v.                             )    Case No. 2:24-cv-106-MHT-CSC
                               )             (WO)
STEVEN T. MARSHALL, et al.,    )
                               )
        Defendants.            )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Peter J. Villafana, proceeding pro se, filed this 42 U.S.C. § 1983 action on February 5, 2024. Doc. 1.[1] After reviewing the complaint and finding deficiencies with the pleading, this court determined that Villafana should be allowed to file an amended complaint to correct the deficiencies. On September 18, 2024, the court entered an order explaining the deficiencies in Villafana's complaint and providing him with specific instructions for filing an amended complaint. Doc. 6. The court cautioned Villafana that his failure to comply with its order would result in a Recommendation that his case be dismissed. *Id*. at 3.

To date, Villafana has not filed an amended complaint as directed or otherwise complied with the court's order of September 18, 2024. Because of Villafana's failure to comply with that order, the court finds this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (generally, where a litigant has been

---

[1] Villafana filed his complaint in the United States District Court for the Middle District of Florida. On February 12, 2024, that court transferred his case to this court. Doc. 3.

forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

The court finds that sanctions lesser than dismissal would not suffice here. Accordingly, the Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation **by November 27, 2024.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.

2

1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

*See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, this 13th day of November 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE